UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                          :
PIRS CAPITAL, LLC,                                        :
                                                          :
                              Plaintiff,                  :            23-CV-0091 (JMF)
                                                          :
              -v-                                         :            ORDER
                                                          :
ARNOLD'S OFFICE FURNITURE, LLC f/k/a                      :
ARNOLD'S USED OFFICE FURNITURE, LLC, and                  :
JAY BERKOWITZ a/k/a JAY A. BERKOWITZ,                     :
                                                          :
                              Defendants.                 :
                                                          :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Defendant Jay Berkowitz removed this action brought by Plaintiff PIRS Capital LLC,

invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship, *see* 28

U.S.C. § 1332, and asserting that removal is timely, *see* 28 U.S.C. § 1446.  Berkowitz states that a

member LLC of a defendant LLC — Arnold's Office Furniture Holdings, LLC — consists of

members "Jay Berkowitz, a resident of New Jersey, and Jordan Berkowitz, a resident of

Pennsylvania.  *See* ECF No. 1 ("Notice of Removal"), ¶ 16.  Additionally, the notice of removal

states that Plaintiff PIRS Capital, LLC, "upon information and belief . . . has no members *in*

Pennsylvania or New Jersey."  *Id.* ¶ 16 (emphasis added).

        It is well established that a limited liability company ("LLC") is deemed to be a citizen of

each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*,

213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-

756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of

Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its

members).  Thus, removal premised upon diversity of citizenship must state the citizenship of

natural persons who are members of an LLC and the place of incorporation and principal place of

business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g., In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

In the present case, the notice of removal fails to state the citizenship of each member of the relevant LLCs. For purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship."). Additionally, the notice fails to "affirmatively" plead the citizenship of the Plaintiff LLC.

Accordingly, it is hereby ORDERED that, on or before **January 16, 2023,** Defendant Berkowitz shall amend the notice of removal to affirmatively allege the citizenship of each constituent person or entity comprising each LLC that is relevant to establish jurisdiction in this case. If, by that date, Defendant Berkowitz is unable to amend the notice of removal to truthfully allege complete diversity of citizenship, then case will be remanded for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

Dated: January 9, 2023
     New York, New York

_____
JESSE M. FURMAN
United States District Judge